In re Frances K. TALLINI, Debtor.

Louis Yoppolo, Trustee, Plaintiff,

v.

Richard F. Tallini, Defendant.

No. 03–3164.

United States Bankruptcy Court, N.D. Ohio.

Jan. 4, 2006.

John L. Jacobson, Toledo, OH, for defendant.

Louis J. Yoppolo, Toledo, OH, trustee.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion by the Plaintiff/Trustee for Summary Judgment on his Complaint for Recovery of Fraudulent Conveyance. No Response was filed by the Defendant. After having had the opportunity to examine the facts of this case in light of the applicable law, the Court finds that at this time it should abstain from ruling on the Trustee's Motion.

The Trustee's Complaint for Recovery of a Fraudulent Conveyance is brought pursuant to § 548(a)(1)(A) and § 548(a)(1)(B). In bringing his complaint under these sections, the Trustee avers therein:

> On or about June 13, 2002, Defendant Richard F. Tallini took out a loan with Key Bank in the approximate amount of $100,00.00, which was secured by a second mortgage on the real estate located at 3343 Brantford Road, Toledo, Ohio. Debtor Francis K. Tallini did not sign personally for said loan, but signed off on and consented to the mortgage taken to secure said loan, thereby voluntarily relinquishing her equity in the marital real estate to her spouse for which she received no consideration.

> Debtor's signing off on and relinquishment of equity in the marital real estate to support the loan to her husband constitutes a transfer of an interest of the Debtor in property that was made or incurred on or within one year before the date of the filing of the petition herein.

(Doc. No. 1). Based then upon these averments, the Trustee asked, in relevant part:

> that this Court make its order avoiding the above-reference transfer, ordering Defendant Richard F. Tallini to turnover to the Trustee the value of the property so transferred as described herein in the amount $50,000.00[.]

*Id.* The Trustee's averments, to the extent true, support his claim to recover, as fraudulent, the transfer made by the Debtor.

However, both sections under which the Trustee brings his action to avoid a fraudulent transfer begin with this proviso: "The Trustee may avoid any *transfer* of an interest of the debtor in property[.]" (emphasis added). A "transfer," at the time this case was filed, was defined as:

> every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(54). To this end, the facts averred by the Trustee reveal two transfers: (1) one made from the Debtor to Key Bank, the mortgage; and (2) the transfer of proceeds from Key Bank to the Defendant. But of these, only the first, the one from the Debtor to Key Bank, can be construed as a direct "transfer of an interest of the debtor in property." Moreover,

there exists no direct transfer from the Debtor to the Defendant as the Debtor was not a signatory on the loan with Key Bank and thus, having no right to the disbursed funds, could not have legally transferred any funds to the Defendant.

While all this does not relieve the Defendant from liability, it does show that the mortgage held by Key Bank, and which encumbers the residence of the Debtor and the Defendant, is at jeopardy. As such, this makes Key Bank a necessary party under Rule 19 of the Federal Rules of Civil Procedure, made applicable to this case by Bankruptcy Rule 7019. Accordingly, in the interest of the just resolution of this matter, it is hereby

**ORDERED** that the Trustee is afforded 21 days, commencing from the entry of this Order, to amend his Complaint.